**OMID KHORSHIDI, ESQ.**, Bar No. 220799
**KHORSHIDI LAW FIRM**
**A Professional Law Corporation**
**8822 W. Olympic Boulevard**
**Beverly Hills, California 90211**
**Telephone: (310) 273-2211**
**Facsimile: (310) 273-2240**

Attorneys for Plaintiff,
MAURICIO CRUZ LEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MAURICIO CRUZ LEAL, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | *[Federal Tort Claims Act]* |
| FEDERAL BUREAU OF INVESTIGATIONS, a United States Federal Agency; ERIK SCOTT SNIDER; and DOES 1 to 100, INCLUSIVE. | *[Demand for Jury Trial]* |
| Defendants. | |

COMES NOW PLAINTIFF, MAURICIO CRUZ LEAL, AND FOR HIS CAUSES OF ACTION AGAINST THE DEFENDANTS AND EACH OF THEM, ALLEGES AS FOLLOWS:

### JURISDICTION AND VENUE

1. This is a matter brought by the Plaintiff, MAURICIO CRUZ LEAL (hereinafter "Plaintiff") against the FEDERAL BUREAU OF INVESTIGATIONS, a United States Federal Agency, (hereinafter "FBI") and ERIK SCOTT SNIDER (hereinafter "Snider"), pursuant to the Federal Tort Claims Act. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 (b). Plaintiff has duly complied with all procedures required by the Federal Tort Claims Act prior to bringing the present Complaint.

2. Venue is proper in the United States District Court - Central District of California as all of the acts complained of herein occurred in the City of Whittier, County of Los Angeles, State of California.

3. That the true names and capacities, whether individual, corporate, governmental, associate or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names, and that when the true names and capacities of said Defendants are ascertained, plaintiff will amend this Complaint accordingly; Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happening herein referred to and caused injuries and damages proximately thereby to Plaintiff, as herein alleged.

3. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them and DOES 11 through 20, inclusive, were the agents or employees of other named Defendants and acted within the scope of that agency or employment.

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them and DOES 21 through 100, inclusive, are persons whose capacities are unknown to Plaintiff.

6. At all times herein mentioned, each Defendant was the agent, servant, and employee of the remaining Co-Defendants, and in doing the acts as alleged herein, was acting within the course and scope of such agency, employment, with the knowledge, consent and permission of the remaining Co-Defendants.

///
///
///
///
///

## CAUSE OF ACTION - NEGLIGENCE

7. On July 8, 2021 at approximately 3:13pm, at or about the intersection of Pickering Avenue and Camilla Street in Whittier, California, Defendant Snider, acting in the course and scope of his/her agency, servitude, partnership, employment and joint venture and each of them with Defendant FBI, negligently, carelessly and recklessly and with disregard for the rights of Plaintiff, owned, drove, managed, maintained, supervised, entrusted, repaired, authorized, approved, leased, loaned, bailed, controlled and operated a certain 2016 Jeep Cherokee motor vehicle, California license plate number 7PUM451 which negligence, carelessness, and recklessness proximately caused it to collide with a 2005 Saturn Ion motor vehicle, California license plate number 5MFM123, driven by Plaintiff, thereby directly and proximately causing injuries and general and special damages to Plaintiff.

8. As a proximate result of the negligence, carelessness and unlawfulness of Defendants and each of them, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system, all of which said injuries have caused and continued to cause said Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges that said injuries will result in some permanent disability to said Plaintiff, all to his general damage in a sum to be specified according to law.

9. That as a proximate and direct result of the negligence, recklessness and carelessness of the Defendants, and each of them, Plaintiff has sustained, and in the future is certain to sustain disabling, serious and permanent injuries, pain, suffering and mental anguish in connection therewith, all to his general damages in a sum according to proof at trial.

///
///
///
///
///

10. As a further, proximate result of said negligence of Defendants, Plaintiff was required to, and did, incur bills for physicians, surgeons, drugs, medicines, x-rays, and other medical technicians and medical personnel, and other related expenses, all to his damage in a presently unascertained amount, the allegations of which Plaintiff prays leave to insert herein when the same are finally determined.

11. At the time of the events described herein, Plaintiff was gainfully employed. As a further direct and proximate result of the Negligence of the Defendants as herein alleged, Plaintiff was prevented from attending to his usual occupation, and has been damaged in amount to be determined at the time of the trial. Plaintiff is informed and believes and on such information and belief alleges that by reason of the said negligence of the Defendants, Plaintiff will in the future, be prevented from attending to his usual occupation for an undetermined period of time, all to his damage in a sum unknown to him at this time, and Plaintiff will ask leave to amend this Complaint accordingly when the same has been ascertained.

12. As a further, proximate result of said negligence of Defendants, Plaintiff suffered damage to his 2005 Saturn Ion motor vehicle, and expense arising from the loss of use of his 2005 Saturn Ion motor vehicle in a presently unascertained amount, the allegations of which Plaintiff prays leave to insert herein when the same are finally determined.

**WHEREFORE**, Plaintiff hereby demands a jury trial, and prays for judgment against the Defendants, and each of them, in the total amount of at least $500,500.00 as follows:

1. For general damages according to proof;
2. For special damages, including medical and related expenses, in an amount to be determined by proof at trial;
3. For past and future lost earnings in an amount to be determined by proof at trial;
4. For property damage in an amount to be determined by proof at trial;
5. For loss of use damages in an amount to be determined by proof at trial;
6. For damages for impairment of earning capacity in an amount to be determined by proof at trial;

7. For the costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

DATED: December 7, 2022                    KHORSHIDI LAW FIRM, APC

By: */s/ Omid Khorshidi*
OMID KHORSHIDI
Attorney for Plaintiff,
MAURICIO CRUZ LEAL